IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00408-REB-BNB

LISA L. GALLEGOS,

Plaintiff,

v.

ACE EXPRESS - COACH, USA,

Defendant.

_____

**AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the defendant's **Motion to Dismiss** [Doc. # 11, filed 5/30/06] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

On February 27, 2006, the plaintiff submitted to the Court a Title VII Complaint (the "Complaint") [Doc. #3] and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Doc. #1]. The Complaint alleges discrimination and retaliation in violation of

Title VII.  The Compliant further alleges that the plaintiff received a notice of right to sue from the EEOC on December 1, 2005.

On March 8, 2006, I issued an order granting the plaintiff leave to proceed *in forma pauperis*, and I directed the Clerk of the Court to commence this civil action.  The Clerk caused the Complaint to be filed on March 8, 2006.

The defendant seeks dismissal of the Complaint because it was not filed within 90 days of the plaintiff's receipt of her right to sue letter.  See 42 U.S.C. § 2000e-5(f)(1) (requiring that a civil action be field within 90 days of receiving notice of right to sue).  The defendant concedes that the plaintiff received her notice of right to sue on December 1, 2005.  The defendant further concedes that "[o]n February 27, 2006–one day before the 90 days ran–Plaintiff submitted a motion and affidavit for leave to proceed *in forma pauperis.*"  The defendant seeks dismissal of the Complaint because the Court did not cause it to be filed until the motion to proceed *in forma pauperis* was granted on March 8, 2006.

In Jarrett v. US Sprint Communications Co., 22 F.3d 256, 260 (10th Cir. 1994), the Tenth Circuit stated that the 90 day limitations period is tolled while a motion to proceed *in forma pauperis* is pending.  Thus, the Complaint was timely filed with this Court because it was submitted "one day before the 90 days ran" and the 90 days was tolled until March 8, 2006, when the Court granted the plaintiff's motion to proceed *in forma pauperis*.

The defendant attempts to distinguish Jarrett by arguing it was decided in the District of Kansas which does not have a local rule similar to our Local Rule 3.3.  Rule 3.3 provides:

> The clerk shall require payment of a filing fee before a civil action,
> suit, or proceeding is filed.  When a pleading is received for filing
> without the required fee, the clerk shall notify the filing party that

2

the pleadings will be held and not accepted for filing until the
required fee is received or an order allowing the party to proceed *in
forma pauperis* is entered.  When the filing fee or order is received,
the clerk shall file the pleading.

D.C.COLO.LCivR 3.3.

I construe Rule 3.3 as applying only to complaints that are submitted to the Court without

a filing fee and without a motion to proceed *in forma pauperis*.  Under Jarrett, where the plaintiff

has timely submitted both a complaint and a motion to proceed *in forma pauperis*, the limitations

period is tolled until the court either grants or denies the motion.

I respectfully RECOMMEND that the defendant's Motion to Dismiss be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and

Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file

specific, written objections.  A party's failure to serve and file specific, written objections waives

*de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A

party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  United States v. One Parcel of

Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 18, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge